# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STEVEN RICE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Cause No. 2:10CV326-PPS |
| ) | Arising from 2:08CR2-PPS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On January 20, 2009, Steven Rice pled guilty to two counts of armed bank robbery and one count of using a firearm in furtherance of one of the bank robberies. He was later sentenced to 63 months' imprisonment on the two bank robbery counts, and a consecutive 84 months' imprisonment for the use of the firearm, for an aggregate prison term of 147 months. Rice has now filed a motion to correct his sentence under 28 U.S.C. §2255 [DE 318 in Cause No. 2:08CR2-PPS] and a separate motion for an evidentiary hearing [DE 319]. After reviewing the petition, I ordered a response from the government. [DE 326].

Rice's motion asserts claims of ineffective assistance of counsel. First, he contends that his attorney ineffectively counseled him concerning pleading guilty, by misrepresenting to Rice his sentencing exposure. Second, Rice asserts that counsel was ineffective at sentencing for failing to object to the application of a five-point increase to Rice's offense level.

One of the terms of Rice's plea agreement is an express waiver of his right to file a §2255 motion. The waiver states:

> . . . I expressly waive my right to appeal or to contest my
> conviction and my sentence . . . to any Court on any ground,
> including any claim of ineffective assistance of counsel unless the
> claimed ineffective assistance of counsel relates directly to this

> waiver or its negotiation, including any appeal under Title 18,
> United States Code, Section 3742 or in any post-conviction
> proceeding, including but not limited to, a proceeding under Title
> 28, United States Code, Section 2255.

[DE 229, ¶7(e)]. The government invokes Rice's waiver in its response brief [DE 326], and Rice has filed no reply to the government's memorandum.

In entering his guilty plea, Rice expressly waived the right to contest his sentence "on any ground" by way of a §2255 motion, "unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation." [DE 229, ¶7(e)]. A waiver of the right to seek relief pursuant to §2255 in a written plea agreement is valid and enforceable absent a claim that the waiver was not knowing and voluntary or that counsel was ineffective in connection with the negotiation of the waiver itself. *See United States v. Rhodes*, 330 F.3d 949, 952 (7th Cir. 2003); *Mason v. United States*, 211 F.3d 1065, 1068 (7th Cir. 2000); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).

In his §2255 motion, Rice twice asserts that his counsel erroneously told him that *by agreeing to the appeal waiver*, Rice would receive a sentence of less than 120 months' imprisonment. [DE 318-1, pp. 8, 11]. Construing this most generously to Rice, he contends that his attorney gave him material misinformation upon which he relied in determining not merely to enter a plea of guilty to the charges, but in determining to agree to the waiver of his post-conviction rights. This allegation is therefore offered both in opposition to the validity of the appeal waiver and as an ineffective assistance claim.

Considered for either purpose, Rice's contention is totally at odds with the plea proceedings. Rice's plea agreement expressly states that "no one can predict the precise sentence that will be imposed." [DE 229, ¶7(e)]. The plea agreement also contains Rice's

acknowledgment that "the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines." [DE 229, ¶6]. At the plea hearing, Rice was placed under oath and he was advised what the maximum penalties are for the three crimes to which he pled guilty – life imprisonment on the gun charge and 25 years for the two bank robberies. Rice then stated that no one, including his own lawyer, had made any promise to him concerning what his sentence would be, and I advised Rice that the sentence could be higher than any estimate his lawyer had given him. I further told Rice that ultimately the sentence could be higher or lower than what the guidelines call for, and Rice stated that he understood that possibility.

In sum, the record is abundantly clear that Rice knew that the final sentencing determination would be made by me, and flatly contradicts any suggestion that the sentence I would impose could be accurately determined ahead of time. I therefore reject Rice's contention that he agreed to waive his post-conviction rights only in reliance upon his attorney's representation that doing so would net him a sentence of less than 120 months. This is contradicted by Rice's sworn statements at the plea hearing. Rice has therefore failed to demonstrate that the waiver was not knowing and voluntary or that counsel was ineffective in connection with the negotiation of the waiver itself. The appeal waiver is enforceable, and this alone provides a basis for the dismissal of Rice's §2255 motion.

In any event, the underlying claim of ineffective assistance of counsel is a nonstarter. To support such a claim in the plea bargain context, "a defendant must establish that his counsel's performance was objectively unreasonable and that but for counsel's errors, he would not have

pleaded guilty and instead gone to trial." *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999). An objectively reasonable performance includes counsel's "attempt to learn the facts of the case and...a good-faith estimate of a likely sentence." *Id.* The prejudice prong of the analysis requires a showing that the lawyer's deficiency was a "decisive factor" in the decision to plead guilty. *United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1996).

The Seventh Circuit has said: "In this circuit, an attorney's 'mere inaccurate prediction of a sentence' does not demonstrate the deficiency component of an ineffective assistance of counsel claim." *Martinez*, 169 F.3d at 1053, quoting *Barnes*, 83 F.3d at 940. Even a lawyer's failure to advise his client that he would be classified as a career offender has been found insufficient to establish a constitutional violation. *Id.* Although "gross mischaracterizations" may be so off-the-mark as to be an indication of ineffective assistance, this case, involving the incremental difference between the allegedly promised 120-month sentence and the 147 months actually imposed, is not in that category. *Martinez*, 169 F.3d at 1053. Rice fails to demonstrate that the alleged representation of his attorney, even if the allegation is true, establishes a constitutionally deficient performance.

As to the prejudice prong of the ineffective assistance analysis, which requires Rice to show that he would not have pled guilty but for his attorney's misrepresentation, "the defendant asks us to disregard the statements he made at the Rule 11 hearing" and the statements he made in the plea agreement. *Martinez*, 169 F.3d at 1054. At the time of his guilty plea, Rice represented to the court his understanding that no prediction could be made of the sentence ultimately to be imposed, and that the judge alone would determine the final sentence. The convenient assertion now that he relied on his attorney's representation as to what the sentence

4

would be is defeated by Rice's contradictory acknowledgments at the time he entered his plea of guilty. "[T]he record of a Rule 11 proceeding is entitled to a 'presumption of verity'...and the answers contained therein are binding." *United States v. Winston*, 34 F.3d 574, 578 (7th Cir. 1994), quoted in *Martinez*, 169 F.3d at 1054. As in *Ritter*, no evidentiary hearing is required because "[w]hatever counsel had told [Rice], clearly there was no prejudice because [Rice] was fully advised at the time of the taking of the plea that the District Court was not party to an agreement or promise of any kind." *United States v. Ritter*, 93 Fed.Appx. 402, 405 (3rd Cir. 2004). Both in light of the enforceable waiver and upon consideration of the claim's merits, Rice is not entitled to relief based on his first claim of ineffective assistance of counsel.

Rice's second claim of ineffective assistance is also without merit. Rice asserts that his counsel rendered ineffective assistance at sentencing by failing to object to the application of the five-point Specific Offense Characteristic under §2B3.1(b)(2)(C) for brandishing or possessing a firearm during the bank robbery charged in Count 5. Rice's theory is that the firearm enhancement amounted to double jeopardy given that he was also convicted and facing punishment on Count 9 under §924(c) for using a firearm in furtherance of bank robbery.

But Rice's theory misunderstands the manner in which the increase was applied. He correctly asserts that the five-point enhancement was applied with respect to Count 5. But Count 5 charges the November 8, 2007 robbery of the Harris Bank in Gary, Indiana, while the §924(c) charge in Count 9 is based on the use of a firearm during the November 9th robbery of the Citizen's Financial Services Bank in Munster, Indiana. The November 9th robbery was charged in Count 8, and no five-point enhancement under §2B3.1(b)(2)(C) was applied in the offense level computation pertaining to Count 8. Instead, ¶40 of the Presentence Investigation Report

expressly reflects that no §2B3.1(b)(2)(C) enhancement was applied with respect to Count 8, even though a firearm was brandished or possessed during the robbery, because Rice was separately charged in Count 9 with the §924(c) offense based on that use of a firearm.

The offense level was computed in accordance with Application Note 4 to §2K2.4 of the Sentencing Guidelines: "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. §924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. §924(c) conviction." Further, because there was in fact no double counting for the same use of a firearm, double jeopardy is not implicated, and Rice's counsel did not render sub-standard assistance by failing to object.

Upon careful consideration of the record, including as necessary the underlying criminal file, I am convinced that the record of the case conclusively shows that movant is not entitled to relief.

ACCORDINGLY, Steven Rice's **motion for an evidentiary hearing [DE 319]** is **DENIED**, and his **motion pursuant to 28 U.S.C. §2255 [DE 318]** to vacate, set aside or correct sentence is **DENIED** and **DISMISSED WITH PREJUDICE.** The Clerk shall enter final judgment accordingly.

**SO ORDERED**.

ENTERED: January 31, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT